```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**HEATHER EASTERLING GOLDMAN**                                          **PLAINTIFF**

VS.                                        CIVIL ACTION NO. 3:11-cv-310-WHB-LRA

**NORTH HOUSTON POLE LINE, LP; and**
**John Does 1-5**                                                       **DEFENDANTS**

                         **OPINION AND ORDER**

     This cause is before the Court on the Motion of Defendant, North Houston Pole Line, LP ("North Houston"), to Dismiss.[1]  Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion is not well taken and should be denied.

                          **I.   Discussion**

     Plaintiff, Heather Easterling Goldman ("Goldman"), alleges she was severely injured when she drove her automobile into a sinkhole that had formed on Highway 49 in Rankin County, Mississippi.  North Houston has admitted liability for the formation of the hole. North Houston now moves for the dismissal of Goldman's personal injury claims on the grounds that she allegedly gave perjured testimony during her deposition.   North Houston argues that

---

     [1]  The subject Motion was filed by both North Houston and Quanta Utility Services, LLC ("Quanta").  Quanta has since been dismissed from the lawsuit.

dismissal is an appropriate sanction in this case.  See e.g. Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997 (Miss. 1999) (affirming dismissal as a sanction upon a finding that the plaintiff "wilfully submitted false answers to interrogatories and knowingly did not answer deposition questions truthfully."); Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1391-92 (Miss. 1997) (affirming dismissal as a sanction in a case in which the plaintiff "knowingly refused to be forthcoming and actively withheld the truth from the court and gave a great deal of perjured testimony", upon a finding that "[s]uch action by any party should not and will not be tolerated.").

In support of its Motion to Dismiss, North Houston first cites portions of Goldman's deposition in which she testified that her initially scheduled deposition had to be cancelled because she was too ill to attend.  See Mot. to Dismiss [Docket No. 42], 3 (citing Ex. 4 (Goldman Dep.) at 15).  North Houston argues this testimony was false as, on the day before her initially scheduled deposition, surveillance showed Goldman shopping at a local retail store and conversing with the driver of another vehicle at the store.  See id. at 3 (citing Ex. 6 (video surveillance of October 17, 2011)). In response, Goldman submitted an affidavit in which she avers that she did have "cold and flu symptoms" on the day before her initially scheduled deposition, which improved at some point, and that she had gone to a local convenience store to "get soda and

2

crackers since [she] was nauseous." Resp. [Docket No. 44], Ex. B (Goldman Aff. at ¶ 4).

In support of its Motion to Dismiss, North Houston also cites portions of Goldman's deposition in which she testified that she basically "cannot function"; that she "cannot bend"; that she cannot walk for long periods of time, and that she "can't handle" shopping, and needs to have someone else do it for her. See Mot. to Dismiss, at 3-4 (citing Ex. 4 (Goldman Dep.) at 159-61). North Houston argues this testimony was false as repeated surveillance shows Goldman carrying heavy objects; walking for distances greater than twenty feet; grocery shopping; repeatedly bending, reaching, squatting, lifting, and carrying; and pushing and pulling a heavy shopping cart, all without any apparent restrictions or difficulty. See Mot. to Dismiss, 3-4 (citing Ex. 5-9 (video surveillance)). In response, Goldman again cites to her affidavit in which she avers, *inter alia*, that when she "attempt[s] to act normal by bending, pushing a cart or walking [she] is successful, but then at night [she] hurt[s] severely and [has] to spend time in bed." Resp., Ex. B (Goldman Aff.) at ¶ 4. Goldman also avers that her medications allow her "to handle ... movement easier" and that, although she has "pain 24-hours a day", there are "some days" when she is "able to function because the pain is at a lower level than other days." Id. Ex. B (Goldman Aff.) at ¶¶ 4, 11. Additionally, Goldman submitted an affidavit from her treating physician who avers, *inter*

3

*alia*, that Goldman's movements on the surveillance video "are consistent with her range of motion" and "objective neurological findings"; that Goldman has a "history of flare ups"; and that "Goldman will have good days and bad days" so that "a glimpse of her day on any particular day does not indicate her overall limitations or her experience of pain."  Id. Ex. D (Ilercil Aff.) at ¶¶ 5, 6.

Having reviewed the pleadings, the Court finds North Houston has presented evidence that certainly questions the veracity of statements made by Goldman during her deposition regarding her alleged physical injuries and resulting limitations.  In light of Goldman's countervailing evidence, however, the Court cannot conclusively determine that she committed perjury during her deposition.  Instead, the Court finds Goldman's testimony regarding the nature and extent of her alleged injuries raises a credibility issue, which is generally a matter for the jury to decide.  See e.g. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions.").

For these reasons, the Court finds the Motion of North Houston to Dismiss should be denied.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss [Docket No. 42] is hereby denied.

SO ORDERED this the 16th day of May, 2012.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
